IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Claude E. Lydia, Jr., # 282745, | ) | C/A No.: 1:11-23-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Cherokee County Detention Center; Ms. Henderson, Officer; Ms. Luna, Officer; Ms. Blackwell, Officer; Mr. Lemmons, Officer; Quintus White, Inmate, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff is a state prisoner in the custody of the South Carolina Department of Corrections (SCDC). At the time relevant to this complaint, Plaintiff was incarcerated at Cherokee County Detention Center (CCDC). Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, seeking an unspecified amount of compensatory and punitive damages and injunctive relief against CCDC; Ms. Henderson, Ms. Luna, Ms. Blackwell, and Mr. Lemmons, who are alleged to be CCDC officers; and Quintus White, who is alleged to be a CCDC inmate. Plaintiff's complaint, liberally construed, alleges Defendants were deliberately indifferent to a serious risk of harm in failing to protect him from being attacked, robbed, and physically injured by Defendant White and other inmates. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local

Rule 73.02(B)(2)(d) and (e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Because Plaintiff's Complaint fails to state a claim pursuant to § 1983 as to CCDC and White, the complaint should be dismissed, without prejudice and without issuance and service of process, as to these two Defendants. Plaintiff's allegations may state a plausible claim under § 1983 against Defendants Ms. Henderson, Ms. Luna, Ms. Blackwell, and Mr. Lemmons.

I.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a court to dismiss the case upon a finding that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

2

1915(e)(2)(B)(i), (ii), (iii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton v. Hernandez*, 504 U.S. at 31, and a claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  This mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.    Discussion

Plaintiff alleges that, on November 15 and 16, 2010, following his sentencing in court and his return to CCDC, he repeatedly asked CCDC officers to remove him from the dorm and place him in a maximum security unit, after he overheard White and other inmates discussing a plan to rob him.  Plaintiff's complaint is unclear as to whether he specifically informed Defendants Henderson, Luna, Blackwell, and Lemmons about the alleged plan to rob him.  Plaintiff alleges he "got on the call box and ask[ed] Ms.

3

Henderson to ask Ms. Blackwell to come to the unit so I could talk to her and let her know what was going on." Compl. at 3 [Entry #1]. Plaintiff alleges he had also previously asked Defendants Luna and Lemmons to remove him from the dorm, and was refused. *Id.* Plaintiff claims that the next morning he was attacked in the restroom. *Id.* According to Plaintiff, he was knocked out, his jaw was fractured, and his "canteen" was stolen. *Id.* Plaintiff alleges that he was hospitalized and that charges were brought against White. *Id.* Plaintiff's Complaint provides the names of the two CCDC detectives who are handling the case and the names of five witnesses who "heard me ask the officers to take me out of the dorm before all this stuff happened." *Id.* at 4. Plaintiff alleges that CCDC has no grievance procedure, so he did not file a grievance, but claims he complained to the jail authorities and "talked with Kenny Brown and detectives." *Id.*

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a person acting under color of state law. *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See McCray v. Berkeley County Detention Center*, C/A No. 1:10-1615-RMG-SVH, 2010 WL 4237432 (D.S.C. Aug. 26, 2010)

4

(Berkeley County Detention Center is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983). Hence, the CCDC is not a "person" subject to suit under 42 U.S.C. § 1983. Thus, Plaintiff's complaint fails to state a claim against CCDC for which this court may grant relief under § 1983 and it is recommended that it be summarily dismissed.

With regard to defendant White, Plaintiff has failed to allege that he acted under the color of state law. Given that Plaintiff states that White is a fellow inmate, it does not appear that White could have acted under the color of state law. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Therefore, Plaintiff has failed to state a cause of action against White pursuant to § 1983,[1] and the undersigned therefore recommends he be dismissed from this case.

---

[1] To the extent, Plaintiff is asserting a claim other than a § 1983 claim against White, it is not clear from the face of the complaint.

5

III.   Conclusion

Accordingly, it is recommended that the district judge dismiss Cherokee County Detention Center and Quintus White from this case, without issuance and service of process. An order directing issuance and service of process on the remaining Defendants has been entered contemporaneously with this Report and Recommendation.

IT IS SO RECOMMENDED.

*[signature]*

February 16, 2011                                          Shiva V. Hodges
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**