IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Claude E. Lydia, ) | |
| ) | C/A No. 1:11-0023-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Ms. Henderson, Officer; Ms. Luna, ) | |
| Officer; Ms. Blackwell, Officer; ) | |
| Mr. Lemmons, Officer, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Claude E. Lydia is an inmate of the South Carolina Department of Corrections (SCDC) who currently is housed at MacDougall Correctional Institution in Ridgeville, South Carolina. At the time of the underlying complaint, Plaintiff was a pretrial detainee in custody of the Cherokee County Detention Center (CCDC) in Gaffney, South Carolina. Defendants Henderson, Luna, Blackwell, and Lemmons are detention officers employed at CCDC. Plaintiff filed the within action on January 5, 2011, alleging that his constitutional rights had been violated in various respects. See 42 U.S.C. § 1983. Plaintiff filed an amended complaint on March 28, 2011, and a second amended complaint on July 27, 2011. Specifically, Plaintiff contends that Defendants were deliberately indifferent to his safety and that he was denied adequate medical care.

This matter is before the court on Plaintiff's motion for preliminary injunction filed July 7, 2001. Defendants filed a response in opposition to Plaintiff's motion on July 14, 2011. Also before the court is Defendants' motion for summary judgment, which motion was filed on July 20, 2011. Defendants asserted, among other things, that Plaintiff had failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997(e), and that Defendants were entitled to qualified

immunity. By order filed July 21, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on August 25, 2011, to which Defendants filed a reply on September 6, 2011. Plaintiff filed a surreply brief on September 19, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On October 24, 2011, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion be granted as to Plaintiff's claims regarding the denial of medical care and denied as to Plaintiff's claims of deliberate indifference to his safety. Plaintiff filed objections to the Report and Recommendation as well as a motion to appoint counsel on November 8, 2011. Defendants filed objections to the Report and Recommendation on November 10, 2011. Defendants also filed a response in opposition to Plaintiff's motion to appoint counsel on November 14, 2011, and a reply to Plaintiff's objections on November 16, 2011. Plaintiff filed a reply in support of his motion to appoint counsel on November 28, 2011.

## I. FACTS

Plaintiff alleges that on October 14, 2010, he was arrested by the Cherokee County Sheriff's Office for burglary. Affidavit of Claude E. Lydia, Jr., ECF No. 68, 6. Plaintiff was detained at CCDC. On November 15, 2010, Plaintiff pleaded guilty to the charges and was sentenced to ten years incarceration. Plaintiff thereafter was returned to CCDC pending transfer to SCDC to serve his sentence of incarceration.

Plaintiff alleges that, after returning from court on November 15, 2010, he learned that five

other inmates–Quintus White, Gary Dawkins, Patrick Jefferies, Emmanuel Hutchinson, and Jamarcus Gregory– were planning to rob him of his canteen and personal items. Id. Plaintiff attests that he contacted Defendant Luna around 4 p.m. and requested to be moved to another unit. According to Plaintiff, he explained to Defendant Luna that he feared for his safety because most of the inmates who intended to rob him were much larger than his is. Id. Plaintiff alleges that Defendant Luna refused to move him, stating that the next shift would be responsible for moving him and that he should request the move again later. Id.

Plaintiff avers that he informed Defendant Lemmons at 4 a.m. on November 16, 2010 that he (Plaintiff) needed to move from his unit before he was robbed, and that he was afraid of several of the other inmates. Id. According to Plaintiff, Defendant Lemmons stated that he had nowhere to move Plaintiff, but that he would pass along the request to his supervisor, Defendant Blackwell. Id. Plaintiff states that he again requested the move at 5 a.m. on November 16, 2010, when he spoke with Defendant Henderson and told him that the other inmates were going to beat Plaintiff up and rob him. Plaintiff attests that he asked to speak to Defendant Blackwell. Id. Plaintiff further avers that around 6 a.m. on November 16, 2010, Defendant Henderson came to Plaintiff's unit and told him that Officer Henderson stated there was nothing she could do. Id.

Plaintiff states that sometime after speaking with Defendant Henderson, he went into the bathroom. According to Plaintiff, White followed him into the bathroom and started punching him. Dawkins, Jefferies, Hutchinson, and Gregory assisted White by holding Plaintiff down and keeping him from escaping. Id. at 7. Plaintiff attests that White told him not to call for help or tell anyone what happened. Thereafter, the inmates took Plaintiff's canteen and personal items. Id.

Plaintiff was taken to the CCDC nurse for examination. She determined that he needed

emergency treatment. Plaintiff was transported to the Upstate Medical Center, where it was discovered that Plaintiff had broken cheek and jaw bones, as well as cuts in his mouth, black eyes, and a fractured nose. Id. Plaintiff contends that he was not given pain medication, or that any pain medication prescribed for him was not provided by CCDC personnel. Id. Plaintiff also asserts that he requested information while he still was at CCDC as to how to file paper work against the jail for allowing the other inmates to rob and beat him, but was told on several occasions that the information was not available. Id.

Plaintiff was referred to a physician for follow-up care, and was informed that he needed surgery. Plaintiff was transferred to SCDC on November 22, 2010. He received surgery after his transfer. Id.

Plaintiff was returned to CCDC from SCDC custody from June 23, 2011 until June 28, 2011 at the request of the South Carolina Department of Parole, Probation and Pardons. Plaintiff contends that he was harassed and intimidated during this period by Defendants and by inmate Quintus White. Plaintiff has since been transferred back to SCDC custody.

## II. DISCUSSION

A.    Report and Recommendation

The Magistrate Judge first addressed Defendants' contention that Plaintiff's suit is barred because he has not exhausted his administrative remedies through the grievance procedure. The Magistrate Judge noted that Defendants have the burden of proving that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 681 (4th Cir. 2005). The Magistrate Judge noted that, according to Defendants, Plaintiff would have been provided with an inmate handbook that would explain the CCDC grievance procedure. The

Magistrate Judge further noted that Plaintiff denied having received a handbook, and that Defendants could provide no documentation to support their contention that Plaintiff received a copy of the handbook. Accordingly, the Magistrate Judge recommended a finding that Defendants are not entitled to summary judgment on this ground.

The Magistrate Judge next addressed Defendants' contention that they are entitled to sovereign immunity pursuant to the Eleventh Amendment to the extent they are sued in their official capacity. The Magistrate Judge determined that, to the extent Plaintiff is suing Defendants in their official capacities for damages, Defendants are not "persons" under § 1983 and thus are entitled to sovereign immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).

The Magistrate Judge next turned to Plaintiff's failure to protect claim. The Magistrate Judge found that there is a genuine issue of material fact as to whether Plaintiff informed Defendants that he was requesting to be moved because he had heard other inmates plan to attack him. The Magistrate Judge noted that Plaintiff provided a sworn affidavit in which he averred that he had informed Defendants of the reason for his request, while Defendants attested that they either were not informed of the reason for the request, or that they were not aware of the request. Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be denied as to this issue.

As to Plaintiff's deliberate indifference to medical needs claim, the Magistrate Judge noted Plaintiff's allegations were based on his contentions that (1) he should have been transported to the emergency room earlier; (2) he should have received pain medication earlier; and (3) he should not have been transferred to SCDC custody prior to his surgery. The Magistrate Judge found that Plaintiff has failed to set forth evidence constituting a cause of action for deliberate indifference to

5

his serious medical needs. Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be denied as to this issue.

Finally, as to Plaintiff's motion for a preliminary injunction, the Magistrate Judge noted that Plaintiff had based his motion on the alleged harassment at CCDC from June 23, 2011 until June 28, 2011. The Magistrate Judge noted that Plaintiff had been transferred back to SCDC custody, so that the motion for preliminary injunction is now moot.

B.     Plaintiff's Objections to the Report and Recommendation

Plaintiff first contends that the Magistrate Judge erred in determining that Defendants are entitled to sovereign immunity in their official capacities. Plaintiff asserts that Defendants are employees of the local or municipal government, which is not considered to be part of the state. See Monell v. Dep't of Social Services, 436 U.S. 658 (1978). The court disagrees. As Defendants properly note in their response to Plaintiff's objections, CCDC is under the control of the Sheriff of Cherokee County. In South Carolina, sheriffs are state officials and entitled to Eleventh Amendment immunity from monetary damages in their official capacities. See Wall v. Sloan, 135 F.3d 771 (4th Cir. 1998) (unpublished). Because detention officers working at CCDC are under the control of the Sheriff, they are entitled to Eleventh Amendment immunity in their official capacities. See Clark v. Sumter County, 2008 WL 350480, *13 (D.S.C. 2008). Plaintiff's objection is without merit.

Plaintiff next asserts that the Magistrate Judge erred in determining that Plaintiff has failed to set forth evidence constituting a cause of action for deliberate indifference to Plaintiff's medical needs. Plaintiff contends that the CCDC nurse determined between 9:00 a.m. and 10:00 a.m. that Plaintiff required emergency medical treatment. Plaintiff states that, rather than receiving treatment, he was interrogated by a detention officer until 11:40 a.m. and that he was not transported to the

emergency room until between 1:45 p.m. and 2:00 p.m. Plaintiff was evaluated around 5:26 p.m. and prescribed pain medication, but the medication was not administered until the following day. According to Plaintiff, these facts constitute a deliberate indifferent to his serious medical needs.

For an inmate to prevail on a claim of deliberate indifference to a serious medical need, the inmate must demonstrate that the injury suffered is both apparent and serious. Clark v. Maryland Dep't of Pub. Safety & Corr. Servs., 316 F. App'x 279 (4th Cir. 2009) (citing Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999)). A plaintiff "'must also show the subjective component-deliberate indifference. An officer is deliberately indifferent only when he knows of and disregards the risk posed by the serious medical needs of the inmate.'" Id. (quoting Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008)) (internal quotations omitted)).

There is no dispute that Plaintiff suffered apparent, serious injuries. Defendants also do not dispute that they were unaware of Plaintiff's injuries. Thus the question is whether Defendants' actions were "inappropriate in light of that risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). It is not enough that Defendants should have recognized that their actions were inappropriate; Defendants actually must have recognized that their actions were insufficient. Id. (citing Brown v. Harris, 240 F.3d 383, 390-91 (4th Cir.2001)).

In this case, there is no evidence that Defendants contributed to any delay in Plaintiff's medical care. Plaintiff was immediately taken to a nurse when he was found around 8:00 a.m. There is no suggestion in the record that Defendants impeded Plaintiff's transportation to the emergency room or delayed his examination once he arrived. Plaintiff commenced a regimen of medication at 9:00 a.m. the following day. There is no evidence that the delay in administration of medications resulted in substantial harm to Plaintiff. Plaintiff's objections are without merit.

C.     Defendants' Objections to the Report and Recommendation.

Defendants first contend that Defendant Blackwell should be dismissed from this action because Plaintiff's sole averments as to Defendant Blackwell, i.e., that the other Defendants informed Plaintiff that they would pass his requests to be moved on to Defendant Blackwell, constitute inadmissible hearsay. Defendants note that Defendant Blackwell attests that she was never informed of Plaintiff's request to transfer, and that Plaintiff does not allege having spoken to Defendant Blackwell directly. At this stage of the proceedings, the court is not inclined to dismiss Defendant Blackwell on a potential evidentiary matter. Defendants' contention that Defendant Blackwell should be dismissed is denied without prejudice.

Defendants next contend that the Magistrate Judge erred in excusing Plaintiff from his obligation to exhaust his administrative remedies. "'[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.'" Zander v. Lappin, 415 F. App'x 491, 492 (4th Cir. 2011) (quoting Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)). Thus, "'when prison officials prevent inmates from using the administrative process . . . , the process that exists on paper becomes unavailable in reality.'" Id. (quoting Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)). Accordingly, the district court is "'obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials.'" Id. (quoting Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)).

Plaintiff contends that he was unaware of any grievance procedure and that he asked Officer Harold Crocker for information regarding bringing an action against Defendants and others for his injuries. In response, Defendants assert that Plaintiff would have been issued a handbook outlining

8

the grievance procedures at the time he was booked into CCDC, and grievance forms were available on request. However, Defendants possess no record that Plaintiff did, in fact, receive a handbook. In addition, Defendants contend that Plaintiff requested information from Officer Crocker regarding the filing of a lawsuit, and not the filing of a grievance. Assuming, without finding, that Plaintiff did not receive a copy of the handbook, he would not have known to ask Officer Crocker for grievance forms. Had Plaintiff been issued the handbook, logic compels the conclusion that Plaintiff would have asked for grievance forms that were available on request. Defendants' objections are without merit.

D.    Other Findings by Magistrate Judge

The Magistrate Judge made additional findings and recommendations, including that Plaintiff's motion for preliminary injunction be denied as moot. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates herein by reference.

E.    Motion to Appoint Counsel

The court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. §1915(e)(1). The court concludes that the ends of justice would be served if Plaintiff were represented by counsel. Accordingly, Plaintiff's motion to appoint counsel is **granted**. The court hereby appoints T. Chase Samples, Esquire, of the South Carolina Bar to represent Plaintiff, pro bono. Counsel shall within ten (10) days of the date of entry of this order

submit to the court a proposed scheduling order to allow for limited discovery and mediation. Absent a scheduling order or good cause shown, the action shall be placed on the trial roster in the Spartanburg Division, the true division for trial.

### III.  CONCLUSION

For the reasons stated hereinabove and in the Report and Recommendation, Defendants' motion for summary judgment is **granted in part and denied in part**.  Plaintiff's motion for preliminary injunction is **denied as moot**.  Plaintiff's motion for appointment of counsel is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

February 3, 2012